**CV 02 4756**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EVELYN BENSON,

           Plaintiff,

- against -

NEW YORK CITY BOARD OF EDUCATION,

           Defendant.

-----------------------------------------------------------x

**COMPLAINT WITH JURY DEMAND**


FILED IN CLERK'S OFFICE U.S. DISTRICT COURT, E.D.N.Y. ★ AUG 28 2002 BROOKLYN OFFICE

KORMAN, CH. J.

GO, M.J.

Plaintiff, EVELYN BENSON, as and for her Complaint against Defendant, NEW YORK CITY BOARD OF EDUCATION, and all upon information and belief, respectfully alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, Plaintiff EVELYN BENSON, has resided and continues to reside in the County of Nassau, State of New York.

2. Upon information and belief, defendant New York City Board of Education is a governmental department with its principal place of business at 110 Livingston Street, County of Kings, in the State of New York.

3. The jurisdiction of the Court over this controversy as to the enforcement of the provisions of the Civil Rights Act of 1964, as amended, is based upon 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343. Supplemental jurisdiction of the Court over the claims based on the New York State Executive is predicated on 28 U.S.C. § 1367.

4. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000 e-5(f)(3), as it is an action under Title VII. The unlawful employment practices alleged below were committed within the Eastern District of New York. Accordingly, venue lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to filing this Complaint, Plaintiff timely filed a charge with the Equal Employment Opportunity Commission asserting under oath retaliation based on the filing of a prior discrimination complaint, Evelyn Benson v. New York City Board of Education, CV99 6634. This charge was filed within 240 days of the date on which the last discriminatory act alleged therein occurred.

6. On May 30, 2002, Plaintiff received a letter from the EEOC issuing a right to sue on and notifying her that they have terminated their investigation of this Charge.

7. In conformance with 29 U.S.C. Section 626(d), Plaintiff files this Complaint within 90 days after the EEOC issued their Right to Sue letter.

## FACTUAL BACKGROUND

8. Plaintiff was began her employment with the New York City Board of Education in 1971.

9. In August 1993, plaintiff was appointed ATS Coordinator for District 75 of the New York City Board of Education.

10. In October 1999, plaintiff filed a complaint with the Federal District Court, Eastern District, CV99 6634 alleging that she was retaliated and discriminated against based on her sex, religion, race and color.

11. Magistrate Robert Levy ordered that the continuing retaliation claim end at August 30, 2000, charges and suspension of Plaintiff.

12. Since August 30, 2000, plaintiff has continued to be retaliated against by defendant.

13. This retaliation has been on going and continuing to the present.

14. Since August 30, 2000 to the present, plaintiff has been ostracized, harassed and discriminated against by employees of the New York City Board of Education because she has filed a discrimination complaint against the defendant.

15. Since August 30, 2000, plaintiff has also been victimized by the employees of the defendant of character assassination, negative racial profiling and career sabotage.

16. Employees of the defendant have assassinated plaintiff's character to Tom Seluga, the Human Resource Director for the defendant New York City Board of Education.

17. As a result, plaintiff was not appointed to the position of Educational analyst.

18. Since August 30, 2000, plaintiff has been reassigned to the site where the Director of Vision Services has sought her dismissal through false allegations.

19. This reassignment to this hostile environment has been humiliating and emotionally stressful.

20. As a result of Defendants' egregious conduct, Plaintiff has suffered and continues to suffer from mental distress, anguish and emotional pain and suffering.

## AS AND FOR A FIRST CLAIM AGAINST DEFENDANT NEW YORK CITY BOARD OF EDUCATION FOR RETALIATION PURSUANT TO 42 U.S.C. §2000E-3(a)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint as though fully and completely set forth herein at length.

22. The aforementioned conduct by defendant constitutes unlawful retaliation for complaining of discrimination based on sex, race, religion and color under Title VII, 42 U.S.C. Section 2000e-3(a).

23. The aforementioned unlawful retaliation for complaining of discrimination based on race, sex, religion and color by defendants was willful, purposeful, and malicious.

24. The Plaintiff was and is damaged by the aforementioned unlawful retaliation.

25. The Plaintiff is entitled to an award against the defendants for economic damages resulting from the aforementioned retaliation.

26. The plaintiff is entitled to an award against the defendants for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned retaliation.

27. The plaintiff is entitled to an award of punitive damages on this cause in an amount to be determined by the trier of fact.

28. The Plaintiff is entitled to an award of her reasonable attorney fees on this Court.

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANT NEW YORK CITY BOARD OF EDUCATION FOR RETALIATION PURSUANT TO NEW YORK EXECUTIVE LAW §296(1)(e)(7)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint as though fully and completely set forth herein at length.

30. The aforementioned conduct by the defendants, as in the first claim, constitutes unlawful retaliation for complaining of discrimination based on sex, religion, race and color under the New York State Human Rights Law, Executive Law Section 296(1)(e) and (7).

31. The aforementioned unlawful retaliation by the defendants was intentional.

32. The Plaintiff was and is damaged by the aforementioned unlawful retaliation.

33. The Plaintiff is entitled to an award against the defendants for economic damages resulting from the aforementioned retaliation.

34. The Plaintiff is entitled to an award against the defendants for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned retaliation.

**WHEREFORE**, the Plaintiff demands judgment against the defendant for:

(1) an award on compensatory damages for all economic, emotional, and psychic injuries on the First and Second Claims.

(4) punitive damages on the First Claim;

(5) an award of reasonable attorney fees on the First and Second Claims;

(6) costs and interest on all counts, and

(7) all such other relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues.

Dated: New York, New York
August 15, 2002

_____
ROBERTO CAMPOS-MARQUETTI (7237)
Attorney for the Plaintiff
67 Wall Street, Suite 2211
New York, New York 10005
(212) 709-8285